11-2724-cv
Dickerson v. Prison Health Servs. Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:   RALPH K. WINTER,
           ROBERT D. SACK,
           REENA RAGGI,
                     *Circuit Judges*.

------------------------------------------------------------------

NAHAJEHA DICKERSON,
                     *Plaintiff-Appellant*,

v.                                          No. 11-2724-cv

PRISON HEALTH SERVICES INCORPORATED, PHS MEDICAL SERVICES, P.C., LATISHA FARLEY, CORRECTION OFFICERS, CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, DR. FRANK LEVEILLE, DEPARTMENT OF CORRECTION,
                     *Defendants-Appellees*,

NEW YORK CITY POLICE DEPARTMENT, SHANTE TERRELL, NEW YORK CITY POLICE DETECTIVE, SHIELD # 4424 NARCOTICS BOROUGH, BROOKLYN SOUTH COMMAND, WILSON SAGARDIA, NEW YORK CITY DETECTIVE SHIELD #5062 NARCOTICS BOROUGH, BROOKLYN SOUTH COMMAND, JANE DOE, NEW YORK CITY

CORRECTION OFFICER,
                            *Defendants.*<sup>*</sup>
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    VICTOR M. BROWN, Esq., New York, New York.

APPEARING FOR APPELLEES:    SUZANNE K. COLT (Pamela Seider Doglow, *on the brief*), Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 7, 2011, is AFFIRMED.

Plaintiff Nahajeha Dickerson appeals from a grant of summary judgment in favor of defendants the City of New York and Correction Officer Latisha Farley on Dickerson's due process claim that defendants failed adequately to prevent or respond to incidents of sexual abuse by an examining physician while Dickerson was incarcerated at Rikers Island prison. See 42 U.S.C. § 1983. We review an award of summary judgment de novo, construing the record evidence in the light most favorable to the non-moving party. See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). We will uphold the award only if the record reveals "no genuine dispute as to any material fact" and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the facts

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the caption as shown above.

and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Officer Farley

Dickerson argues that the district court erred in concluding that her due process claim against Officer Farley failed for lack of evidence establishing triable issues of fact as to either mens rea or causation. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (requiring more than negligence to maintain due process claim under 42 U.S.C. § 1983); Wray v. City of New York, 490 F.3d 189, 193–94 (2d Cir. 2007) (requiring causal link between defendant's action and plaintiff's injury to pursue § 1983 claim). Because we agree that the record presents no triable issue regarding causation, we need not address intent.

Insofar as plaintiff spoke to Officer Farley only after the sexual misconduct at issue had already occurred, there is plainly no causal link between that injury and Officer Farley's now-challenged advice. Cf. Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 434 (2d Cir. 2009) (recognizing that due process prohibits police conduct that encourages intentional violence against victim). Further, Dickerson has adduced no evidence indicating that Officer Farley's advice enhanced plaintiff's risk of future peril. To the contrary, the record shows that Dickerson was in the process of exiting the prison when she informed Officer Farley of sexual misconduct by Dr. Leveille. In these circumstances, Officer Farley's advice that plaintiff should report the abuse to a police precinct not only caused her no injury but also led to an investigation by the City Department of Investigation

3

that, together with a separate complaint from another inmate, resulted in Dr. Leveille's arrest.

Dickerson nevertheless maintains that she had a constitutional right not only to be free from sexual assault but also "to have the perpetrator of such an assault, particularly if known, brought to justice." Appellant Br. 22. She thus submits that there is a causal link between Officer Farley's failure to take immediate action on Dickerson's assault report and Dr. Leveille's ability to abscond. We need not here decide whether the constitution affords Dickerson such a right because the record defeats her claim in any event. Dr. Leveille was able to abscond because, after arrest, he was released on bail by a New York State court. This "intervening exercise of independent judgment" by a different actor necessarily severs "the chain of causation" that Dickerson attempts to connect to Farley. Townes v. City of New York, 176 F.3d at 147; accord Zahrey v. Coffey, 221 F.3d 342, 351 (2d Cir. 2000) (recognizing that "acts of subsequent participants in the legal system [may be] superseding causes that avoid liability of an initial actor"). Any delay in Dr. Leveille's arrest can only be said to have forestalled his eventual escape. The bail jumping itself is thus not a legally cognizable result of any purported misconduct by Farley. See Zahrey v. Coffey, 221 F.3d at 351; Townes v. City of New York, 176 F.3d at 147 (holding that "gross disconnect" between conduct and injury negates § 1983 causation).

2.    City of New York

Dickerson maintains that the district court erred in failing to recognize a genuine issue of material fact as to whether New York City's "policy" of not requiring chaperones for female inmates being examined by male doctors caused Dr. Leveille's misconduct for § 1983 purposes. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).[1] The argument fails because plaintiff has adduced no evidence that the City was alerted either to a general risk of sexual exploitation from having unchaperoned inmates of one sex examined by doctors of another sex or to a specific risk associated with Dr. Leveille.

In Cash v. County of Erie, 654 F.3d 324 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741 (2012), we recently held that a female inmate could maintain a Monell action for sexual abuse by a prison guard because evidence indicated that the defendant County had been alerted that its precautionary measures "had proved an insufficient deterrent to [guards'] sexual exploitation" of prisoners. Id. at 336. At the same time, however, we rejected the suggestion "that a municipality can never permit one-on-one interactions between male guards and female prisoners without giving rise to potential Monell liability." Id. at 337 n.7. The same reasoning defeats Dickerson's Monell claim, because here no evidence was

---

[1] As the district court noted, the question of medical chaperones is complex even outside the prison context. Plaintiff submits a report entitled "Use of Chaperones during Physical Exams," in which the American Medical Association's Council on Ethical and Judicial Affairs recommends that medically licensed chaperones be made available to patients on request; at the same time, the report concludes that "a standard policy that requires chaperones at every exam for every patient is likely to be impractical and inadvisable." J.A. 174.

adduced that prison officials were aware that prison doctors generally, or Dr. Leveille specifically, were sexually abusing female inmates in the course of medical examinations. To the extent plaintiff relies on the Department of Correction's newly imposed policy requiring chaperones for any "intimate examination" of an inmate, J.A. 195, that policy postdates the filing of the complaint and, as such, cannot be offered to show "culpable conduct" on the part of New York City. Fed. R. Evid. 407; see Fed. R. Civ. P. 56(c)(2).

Dickerson argues that the district court also erred in granting summary judgment on her claim that New York failed to train Officer Farley to record inmate complaints at Rikers Island. Because the asserted training failure is an omission even more remote from the injuries alleged than was Officer Farley's challenged advice, it cannot have been a "moving force" behind the claimed constitutional violations. City of Canton v. Harris, 489 U.S. 378, 385–88 (1989) (internal quotation marks omitted) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ("[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury."), overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). In fact, Officer Farley's unrebutted testimony reveals that she received such training on several occasions. See J.A. 168–73.

3.    State Law Claims

Having properly dismissed plaintiff's federal claims, the district court did not abuse

its discretion in declining to exercise supplemental jurisdiction over plaintiff's state law

claims for negligent hiring and intentional infliction of emotional distress.  See 28 U.S.C.

§ 1367(c)(3); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003).  Further,

because plaintiff does not challenge those claims' dismissal on appeal, any such argument

is abandoned.  See, e.g., Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011) (stating that

issues about which "brief on appeal contains no argument" are abandoned).

The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court